UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JIM HAMILTON and DIANA HAMILTON,

    Plaintiffs,

v.                               Case No. 8:08-cv-307-T-33TBM

WILDER CORPORATION OF DELAWARE
and MAURICE WILDER,

    Defendants.
_____/

**ORDER**

This matter is before the Court pursuant to Plaintiffs' Motion for Summary Judgment (Doc. # 23), which was filed on April 14, 2009. On April 17, 2009, Plaintiffs filed a Statement of Undisputed Facts in Support of their Motion for Summary Judgment. (Doc. # 24). Defendants filed a Response in Opposition to the Motion for Summary Judgment on May 7, 2009. (Doc. # 29). For the reasons that follow, the Court will deny Plaintiffs' Motion for Summary Judgment.

**I.**   **Factual Background**

Plaintiffs Jim and Diana Hamilton, husband and wife, worked for Defendants from June 3, 2002 until July 16, 2007, at Hawaiian Isles Mobile Home Park (the "Park"). (Doc. # 1 at ¶¶ 4-5). The Park, located in Ruskin, Florida, has approximately 904 sites for mobile homes and recreational vehicles. (Reese Dep. Doc. # 24-2 at 16:20-25). Plaintiffs

held varying positions, including but not limited to, sharing the position of Park manager. (Doc. # 24 at 2). Additionally, Jim Hamilton oversaw Park maintenance. (Reese Dep. Doc. # 24-2 at 49:14-15). Aside from January 3, 2005, until June 19, 2007, when Plaintiff Diana Hamilton earned more, Plaintiffs were paid on a salary basis, at amounts less than $455 per week. (Doc. # 23 at 1). In addition, Defendants provided Plaintiffs room and amenities for free in exchange for Plaintiffs' services. (Wilder Dep. Doc. # 24-3 at 21:17-21).

Defendants stipulate that Wilder Corporation is a covered enterprise as defined in the Fair Labor Standards Act and subject to its minimum wage and overtime provisions. (Doc. # 24-2 at 15:19-25; 16:1).

Plaintiffs submit that they worked overtime but were not paid time and one-half for overtime work as required by the FLSA. Plaintiffs also contend that Defendants failed to pay Plaintiffs minimum wage. Accordingly, on February 13, 2008, Plaintiffs filed their six-count complaint against Defendants alleging Defendants failed to pay Plaintiffs overtime compensation as well as minimum wage in violation the FLSA and state law. (Doc. # 1). Defendants filed their answer, affirmative defenses, and counterclaims against Plaintiffs (for breach of contract and breach of fiduciary duty) on April

4, 2008. (Doc. # 12).

On April 17, 2009, Plaintiffs filed their motion for summary judgment as to counts one and two of their complaint, which alleged failure to pay overtime. (Doc. # 23). In their response to Plaintiffs' motion for summary judgment, Defendants agree that Plaintiffs were not paid overtime; however, Defendants deny that Plaintiffs ever worked overtime.

## II. Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A factual dispute alone is not enough to defeat a properly pled motion for summary judgment; only the existence of a genuine issue of material fact will preclude a grant of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996)(citing Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 918 (11th Cir. 1993)). A fact is material if

3

it may affect the outcome of the suit under the governing law. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995)(citing Celotex, 477 U.S. at 324).

If there is a conflict between the parties' allegations or evidence, the non-moving party's evidence is presumed to be true and all reasonable inferences must be drawn in the non-moving party's favor. Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1164 (11th Cir. 2003). If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, the court should not grant summary judgment. Samples ex rel. Samples v. City of Atlanta, 846

F.2d 1328, 1330 (11th Cir. 1988)(citing Augusta Iron & Steel Works, Inc. v. Employers Ins. of Wausau, 835 F.2d 855, 856 (11th Cir. 1988)). However, if non-movant's response consists of nothing "more than a repetition of his conclusional allegations," summary judgment is not only proper, but required. Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981), cert. denied, 456 U.S. 1010 (1982).

### III. **Analysis**

The FLSA, 29 U.S.C. §§ 206(a), 207(a), sets the minimum wage and mandates that a premium be paid for overtime work.[1] An employee who is denied overtime compensation may bring an action against his or her employer to recover unpaid compensation unless the employee is exempt from overtime payment requirements. 29 U.S.C. § 216(b). The FLSA

---

[1] 29 U.S.C. § 207(a)(1) provides:

Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate of not less than one and one-half times the regular rate at which he is employed.

5

identifies several categories of exempt employees, including but not limited to employees in "a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1). Although Defendants appear to contend that Plaintiffs were exempt from overtime payments as managerial employees, the Court does not reach this issue. The parties have not fully briefed the Court on the issue of whether Plaintiffs are exempt from overtime payments. Furthermore, a clear material issue of fact, that is, the issue of whether Plaintiffs actually worked hours in excess of forty per week, necessitates a trial.

An employee suing under the FLSA bears the burden of proving that he or she "performed work for which he was not properly compensated." <u>Anderson v. Mt. Clemens Pottery Co.</u>, 328 U.S. 680, 686-687 (1946), <u>superceded by statute on other grounds as stated in</u> <u>Bonilla v. Baker Concrete Constr., Inc.</u>, 487 F.3d 1340, 1344 n.6 (11th Cir. 2007). When an employer has kept "proper and accurate records" an employee "may easily discharge his burden" by securing and producing the relevant employment records from the employer. <u>Anderson</u>, 328 U.S. at 687. However, when the employer's records for the employee are inaccurate or inadequate, an employee has carried out his or her burden when the employee "produces sufficient evidence

to show the amount and extent of that work as a matter of just and reasonable inference." Id.  Upon such a showing, "the burden then shifts to the employer to come forward with evidence of the precise amount of work performed" or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence. Id. at 687-88.  However, the Eleventh Circuit has cautioned that:

> [W]here an employer has not kept adequate records of its employees' wages and hours, the employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records in accordance with the requirements of the FLSA.  Where the employer fails to submit accurate records, to recover, the employee need only show he has in fact performed work for which he was improperly compensated and produce sufficient evidence to show that amount and extent of that work as a matter of reasonable inference.

Olivas v. A Little Havana Check Cash, Inc., 2009 U.S. App. LEXIS 8901, at *11 (11th Cir. Apr. 27, 2009) (internal citations omitted).

In this case, Plaintiffs claim that they worked overtime, but they fail to provide any records for their hours worked. In their complaint, Plaintiffs allege they "worked numerous weeks in excess of forty (40) hours a week, yet [were] not compensated for all hours work[ed] in excess of forty (40) hours at a rate not less than one and one-half times the

regular rate." (Doc. # 1 at ¶¶ 11, 13).

Plaintiffs' motion for summary judgment is equally vague concerning the alleged overtime hours worked. Plaintiffs seek a "judgment against Defendants, finding that [Plaintiffs] were non-exempt and entitled to overtime pay, and further, that Defendants' violation of the FLSA was willful, entitling Plaintiffs to liquidated damages." (Doc. # 23 at 8). Plaintiffs have not produced a single shred of evidence tending to point to the conclusion that they ever worked over forty hours per week.[2]

Defendants representative admitted during her deposition that Defendants have no time sheets for Plaintiffs. (Reese Dep. Doc. # 24-2 at 44:8-25).[3] However, Defendants have tendered evidence that calls into question Plaintiffs' allegations that they worked overtime. Specifically, the affidavits of Betty Hughes and Paul Fagg tend to contradict

---

[2] In support of their motion for summary judgment, Plaintiffs filed the deposition of Defendant Maurice Wilder and the deposition of Deborah Reese, an employee of Defendant Wilder Corporation. In addition, Plaintiffs filed Defendants' responses to discovery requests. The Court has scoured these documents and finds no support for the proposition that Plaintiffs worked overtime hours.

[3] Reese testified that Plaintiffs "were salaried, therefore they did not keep an employee time sheet for themselves." (Reese Dep. Doc. # 24-2 at 44:20-21).

Plaintiffs' allegations. Hughes was employed as an office clerk at the Park from 1997 through October 2008. (Hughes Aff. Doc. # 30 at 26, ¶ 2). Plaintiff Diane Hamilton was the office manager of the Park from June 2002, through April 2007. (Id. at ¶ 3). Hughes states that "During the time that I worked with Diane Hamilton, I never witnessed Diane Hamilton work in excess of 40 hours a week. During the summer season, which runs from May through October, the office work was substantially less and most days during the summer season Diane Hamilton worked only in the mornings and took the afternoon off." (Id. at 37, ¶¶ 5-6). Hughes further submits that "on several occasions, Diane Hamilton would go to the Bank to make a deposit for the office in the morning and then she would go shopping for personal items." (Id. at ¶ 7).

In addition, Paul Fagg was employed as a Park security guard from April 2003, until August 2007. (Fagg Dep. Doc. # 30 at 33, ¶ 2). At all times of Fagg's employment, Fagg never observed Plaintiff Jim Hamilton, Park maintenance manger, work in the evening or during the weekend. (Id. at ¶¶ 5-6). Fagg also lived in the Park. Id.

Reese, Plaintiffs' direct supervisor, who has worked for Defendant Wilder Corporation for twenty years, states in her affidavit that Plaintiffs never notified her that they were

9

working overtime, and Reese never observed Plaintiffs working overtime. (Reese Aff. Doc. # 30 at 6, ¶¶ 15-18; Reese Dep. Doc. # 24-2 at 5:17-19). Furthermore, Reese states that Plaintiffs did not need to work overtime to complete their respective duties. (Reese Aff. Doc. # 30 at 6, ¶ 19).

In addition, the Court has also considered the affidavits of Jan Watern, current office manager of the Park and her husband, Howard Watern, current maintenance manager of the Park. (J. Watern Aff. Doc. # 30 at 24, H. Watern Aff. Doc. # 30 at 15). The Waterns are obligated to perform the same work that Plaintiffs claim to have performed for Defendants; however, the Waterns assert that no overtime work is needed to complete all duties for Defendants. (Id.).

The Court finds that there is a conflict in the evidence regarding whether Plaintiffs actually performed overtime. This Court cannot enter the requested judgment in Plaintiffs' favor when Plaintiffs have failed to come forward with evidence that Defendants violated the FLSA by failing to pay overtime compensation.

For the foregoing reason, summary judgment is not warranted here, and Plaintiffs' motion for summary judgment is due to be denied.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED**:

Plaintiffs' Motion for Summary Judgment (Doc. # 23) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>22nd</u> day of June 2009.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record